HARTMAN MANUFACTURING COMPANY, Appellant, v. W. I. LUSE *et al.*, Appellees.

Equity of Redemption: SALE ON EXECUTION: RIGHT OF PURCHASER TO POSSESSION. The right to redeem from an execution sale and the right to possession of the property, are separate rights, and a sale of one does not *ipso facto* carry the other; and a judgment creditor levying upon and purchasing at the execution sale, his debtor's statutory right of redemption only in the mortgaged premises after foreclosure, acquires no right to the possession of the property.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, OCTOBER 22, 1903.

ACTION for the forcible detention of real estate. Trial to the court, a jury being waived. Judgment in favor of defendants, and plaintiff appeals.—*Affirmed.*

*Wherry & Walker* for appllant.

*J. C. Calhoun* for appellees.

BISHOP, C. J.—The essential facts are not in dispute, and may be stated as follows: Defendant W. I. Luse was he owner of certain lands in Van Buren county, which

were incumbered by mortgage held by one Irish. This mortgage was foreclosed, and the lands sold under special execution November 9, 1901. This plaintiff, a judgment creditor of said Luse, caused a general execution issued on his judgment to be levied upon Luse's "equity of redemption and right of redemption" from said foreclosure sale, and such "equity of redemption and right of redemption" was sold to plaintiff under such execution on Décmber 4, 1901. Thereupon this action was brought by plaintiff for possession of said lands.

It is the contention of counsel for appellant that the sale of the right of redemption carried with it the right of possession; thut is, that the sale of the redemption right was, in legal effect, a sale of the possessory right also, and this notwithstanding the latter right was not, in terms, included in the levy and sale. The equity of redemption from the lien of the Irish mortgage was cut off when the foreclosure sale took place. Thereafter Luse had only the statutory right to redeem. By section 4045 of the Code it is provided that "the debtor may redeem real property (from execution sale) at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof," etc. Here is given the right to redeem and the right to continue in possession. Speaking in general terms, the right of redemption and the right of possession are separate or independent rights, the one not being necessarily involved in the other; that is, there may be a right of redemption independent of any right of possession, and vice versa. It is the contention of counsel for appellant, however, that, inasmuch as the statute alone confers the right, we must resort to the terms and provisions thereof to determine the nature and character of such right; and in this we may agree. But counsel say, in effect, that a reference to the language of the statute makes it manifest that the right of possession was not intended to be a separate or independent right, but

that the same is included in and a part of the right of re-
demption, so that a sale or transfer of the latter of neces-
sity carries with it the former. And this contention is
fortified by pointing out that by said section of the statute
it is also provided: "No party who has taken an appeal,
or stayed execution on the judgment, shall be entitled to
redeem." The argument is that, where there is no right
of redemption, there is no right of possession, and that it
necessarily follows that the latter right must be included
in and is a part of the former, because the right to posses-
sion in the debtor exists only where the right to redeem
exists, and then only because the statute gives him that
right as a part of his right to redeem.

With the contention thus made we are unable to agree.
True, the right of possession ceases if there be an absence
of the right to redeem—that is, if the sale be absolute—
and to that extent the right of possession may be said to
be in a sense dependent in character. Before the equity
of redemption was foreclosed and cut off, there was the
common-law right of possession. Now, it is the effect of
the statute—and this is the meaning of the language em-
ployed—to give a further right of redemption of one year,
and to provide that, wherever such right of redemption
exists, the right of possession shall continue until the end
of the redemption period. In other words, as to posses-
sion the statute provides for the extension or continuation
of a right theretofore enjoyed, rather than the creation of
a right having no previous existence. Where the sale is
absolute, there the right of possession ceases, and this is
because a right of possession is essential to an absolute
title. So far the statute does no more than to declare the
common-law rule. But where title has not yet become
absolute, and is liable to be defeated entirely (as by pay-
ment in redemption), there is no reason why possession
may not be withheld until the expiration of the period
within which the title is held in abeyance; and this, we

think, is what was intended by the statute. Now, looking
at the language thereof, to our minds there is nothing
which seeks to determine or in any manner control the
enjoyment of the rights conferred, or otherwise dictate
terms in respect thereto.   Certainly there is nothing any-
where in our law which forbids the disposition of such
rights by gift, sale, or assignment, and, as we think, the
one may be thus disposed of without any effect being had
upon the other.   Most certainly, one having a right of re-
demption may dispose of the same, and reserve possession
to himself during the continuance of such right; or he may
dispose of the right of redemption to one party, and give
over right of possession to another.   It would hardly be
contended that one to whom had been assigned the right
of possession merely could, in virtue thereof, assert any
rights in respect of redemption; and yet, if there be but
one right, which includes redemption and possession, such
a result would, of necessity, follow.   The precise question
under consideration is one of first impression, as we have
not been called upon heretofore to determine it.   Our
attention is not called to any cases arising in other states
based upon a similar statute.   Having given the question
careful consideration, we are content to hold that the
rights granted by the statute are not so interwoven one
with the other, or so dependent the one upon the other,
that they may not be disposed of separately.   The corol-
lary follows that a sale of one does not *ipso facto* carry
the other.   Holding this view, it follows that, as the pres-
ent case is not based upon any sale or transfer of the
right of possession, the plaintiff cannot recover.   And
this conclusion makes it unnecessary for us to consider the
arguments and authorities pro and con as to the right of
an execution creditor to seize upon and sell property rights
of the character in question.

The judgment of the court below was right, and it is
AFFIRMED.