B. F. Paine, Receiver, v. Aug. F. Mueller, Appellant.

**Receivers:** APPOINTMENT: PENDENCY OF ACTION: JURISDICTION. An action is commenced by the service of notice and is pending thereafter until finally disposed of. So that where a notice and application for the appointment of a receiver was served the court had jurisdiction to make the appointment, although the petition was not then on file.

**Same:** PETITION: RIGHT TO APPOINTMENT: COLLATERAL ATTACK. A petition alleging insolvency, an interest in the property and that the same is in danger of being lost or impaired is sufficient to authorize the appointment of a receiver.

And it is not necessary to show that an absolute right to recover exists, it is enough if a probable right appears.

And where the court making the appointment had jurisdiction of the subject matter and of the parties his order is not subject to collateral attack.

**Same:** CORPORATIONS: ASSESSMENT OF STOCKHOLDERS. The court appointing a receiver for an insolvent bank has authority to order an assessment against stockholders, not parties to the proceeding for the appointment of the receiver.

**Same.** Where, as in this case, the receiver had disposed of practically all of the property of the corporation and a valuation had been fixed upon that still unsold, an assessment of the solvent stockholders was properly ordered over the objection that there was still unsold corporate property, for even though the assessment might bring the receiver a surplus fund, he could be compelled to return the same after payment of the corporate debts.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, MARCH 8, 1911.

SUIT to recover a stock assessment. Judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*D. C. Chase* and *Wesley Martin,* for appellant.

*Boeye & Henderson,* for appellee.

SHERWIN, C. J.—The Hamilton County State Bank was a creditor of the Webster City Steel Radiator Company, and commenced an action against said company on said indebtedness, alleging the insolvency of the company and the necessity of having a receiver appointed to take charge of its property. A notice of suit and of the application for the appointment of a receiver was served on the defendant company on the 10th of January, 1908, and it consented in writing to the hearing of the application on the 16th day of January, 1908, and on said date the application was heard, and the plaintiff was appointed receiver. He qualified a few days thereafter, and took possession of the property of the defendant company. The petition in that action was not actually filed in the clerk's office until the 17th day of January, 1908. In May, 1908, the plaintiff herein applied to the court for authority to make a call upon the stockholders of the radiator company for a portion of the money due on the stock held by them;

it appearing that they had theretofore paid but forty percent of its par value. The court ordered a call of $35 per share, and authorized the receiver to sue for the same. The defendant herein was the owner of fifteen shares of the stock, and this suit was brought to recover the amount due from him under the call.

The appellant insists that the district judge had no jurisdiction to appoint a receiver on the 16th day of July, 1908, because the petition was not on file with the clerk until the next day. In other words, it is claimed that no action was pending on the 16th of July. We think the appellant is mistaken as to the effect of the notice served on the radiator company on the 10th day of July, and also as to the power conferred on the court or judge by Code, section 3822. The action against the radiator company was commenced when the notice was served on the 10th of July (Code, section 3514), and it was pending thereafter until finally determined or dismissed. Webster's International Dict.; *Ex parte Munford,* 57 Mo. 603; *Brown v. Foss,* 16 Me. 257. Under section 3822, a receiver may be appointed before the defendant is affected with notice of the suit. *Jones v. Graves,* 20 Iowa, 596.

1. RECEIVERS: appointment: pendency of action: jurisdiction.

While the receiver testified that he had closed the business of the corporation, he had not in fact done so, nor had he been authorized to do so; hence there is nothing in the appellant's claim that no jurisdiction existed to appoint a receiver upon the application of a private individual, the effect of which was to dissolve the corporation.

The petition for the appointment of a receiver complied fully with the requirements of Code, section 3822. It alleged insolvency, an interest in the property of the corporation, and that such property was in danger of being lost or impaired unless a receiver was appointed. This was sufficient. *Dickerson v. Cass County Bank,* 95 Iowa,

2. SAME: petition: right to appointment: collateral attack.

392. A receiver may be appointed in a law action. Code, section 3822; *Jones v. Graves, supra; Rabb v. Albright,* 93 Iowa, 50. Nor is it necessary to show that an absolute right to recover exists. It is enough if a probable right appears. *Des Moines Gas Co. v. West,* 44 Iowa, 23. Furthermore, the judge making the order had jurisdiction of the subject-matter and of the corporation and his action in appointing a receiver on the showing made to him can not be collaterally attacked. *Bank v. Bank,* 104 Iowa, 682.

The appellant's contention that the court was without authority to order an assessment against stockholders not made parties to that suit is contrary to the rule of our cases. *Elson v. Wright,* 134 Iowa, 634; *State v. Union Stockyards State Bank,* 103 Iowa, 549. In *Lamar Ins. Co. v. Hildreth,* 55 Iowa, 248, the decision was based on the Illinois rule, where the receiver was appointed and the assessment ordered. In *Spinney v. Miller,* 114 Iowa, 210, the holding was in harmony with the *Stockyards* case and the *Elson-Wright* case.

3. SAME: corporations: assessment of stockholders.

It is still further contended that this assessment can not be sustained for the reason that the receiver has not yet disposed of all of the property of the corporation, and can not certainly say what assessment should be made. The receiver has disposed of all property except three lots, and the value of these has been estimated, and allowance therefor made in fixing the amount of the assessment. It is made to appear that they are increasing in value, and that the stockholders will suffer no loss or injury if immediate sale is not made. It is practically impossible to determine exactly the amount that each solvent stockholder will have to pay to meet the debts of the corporation and the costs of the receivership. It would be unwise to institute suits against stockholders who are known to be insolvent, for such action would only in-

4. SAME.

crease the assessment of the solvent ones, and, in any event, the receiver can be compelled to return any surplus remaining in his hands after the debts are paid. The paying stockholders will therefore lose nothing of the amount if the present assessment should prove a little more than sufficient for that purpose. We reach the conclusion that the case was rightly decided, and the judgment is *affirmed*.