C. C. SHEAKLEY et al., Appellees, v. KATE MECHLER et al.,
Appellants.

**RECEIVERS: Appointment—Mortgage Foreclosure—Equitable Grounds**
1 **Necessary.** A receiver will not be appointed in the foreclosure of a real estate mortgage in the absence of a showing of equitable grounds therefor, irrespective of the provisions of the mortgage.

**HOMESTEAD: Mortgage—Possession and Rents During Redemption.**
2 The possession of a homestead and the rents and profits thereof for the redemption period following mortgage foreclosure, may be validly pledged by the written agreement of the owners; but such pledge may not be resorted to by the mortgagee or by a receiver until all other property covered by the mortgage is actually sold, and then only in case a deficiency exists.

**RECEIVERS: Appointment—Possession of Homestead During Redemp-**
3 **tion.** The mortgagor of a homestead and other property is not prejudiced in his homestead rights by the appointment, on proper grounds, in foreclosure proceedings, of a receiver of the property

during the redemption period, when the order authorized the receiver to take possession only in case a deficiency existed after the due sale of all the property.

MORTGAGES: Priority—Lease Pending Foreclosure. Leases of mortgaged real estate executed pending foreclosure, and with full knowledge thereof, invest the lessees with no greater right in the premises than that possessed by the mortgagor.

Headnote 1:  27 Cyc. p. 1623.  Headnote 2:  29 C. J. p. 922.  Headnote 3:  29 C. J. p. 922.  Headnote 4:  36 C. J. p. 112.

*Appeal from Chickasaw District Court.*—H. E. TAYLOR, Judge.

APRIL 1, 1924.

OPINION ON REHEARING MAY 15, 1925.

ACTION to foreclose a real estate mortgage, with prayer for a receiver. No defense was interposed to the foreclosure, but the receivership was resisted. The decree made a provisional order for the appointment of a receiver, and from this order defendants appeal.—*Affirmed.*

*R. Feyerbend,* for appellants.

*M. E. Geiser* and *C. B. Hoeven,* for appellees.

DE GRAFF, J.—This appeal presents the question: May a mortgagor, under the limitation of our statute, pledge, as security for a debt, the right of occupancy of the homestead, with its incidental rents and profits, during the year of redemption? A categorical answer could be given; but the importance of the inquiry requires a brief discussion of the subject-matter involved.

The record discloses that, on August 24, 1922, plaintiffs filed their petition in foreclosure, and asked judgment against the defendants William and Kate Mechler, husband and wife, in the sum of $19,379.70, with interest and costs, including an attorney's fee of $213.79. The prayer for personal judgment is predicated on two promissory notes, aggregating $17,560, executed by the said defendants and secured by the mortgage in suit. Plaintiffs further alleged that the mortgaged premises

are inadequate to satisfy plaintiffs' claim, and that the said defendants are insolvent.

The mortgage contains the following language:

"First party [defendants] hereby releases, relinquishes and conveys all right to homestead exemptions, including all right of dower in and to said premises * * *; that in the event of the filing of a bill for foreclosure of this mortgage, the court, or the judge thereof in vacation having jurisdiction hereof, shall upon application by the mortgagee or assigns, immediately appoint a receiver, who shall take possession of the mortgaged premises and collect all rents and profits accruing therefrom including the crops then growing thereon, and apply the proceeds thereof, after deducting the incidental expenses and fees, upon the debt hereby secured."

According to the legal description of the mortgage, the premises contained 160 acres.

The defendants William and Kate Mechler admitted in answer that plaintiffs were entitled to judgment in the amount claimed, and to a decree of foreclosure, as prayed, but denied the right of the plaintiffs to the appointment of a receiver to collect the rents from said premises during the period of redemption, and asserted a homestead in a 40 acres of said premises, and the right to occupy and use the same during the period of redemption; and alleged further that, on August 31, 1922, they leased to R. Feyerbend (intervener) 80 acres of the mortgaged premises other than the asserted homestead, and gave him an option to lease the remainder of said described premises other than the 40 acres claimed as a homestead, and that said mortgaged premises were reasonably worth more than the indebtedness due plaintiffs on said mortgage.

The lessee filed a petition of intervention, reciting his rights under the terms of his lease, and alleged that both defendants and intervener had notice of the provisions of plaintiffs' mortgage and the allegations of plaintiffs' petition, at the time said lease was executed. His prayer was that the appointment of a receiver be denied, and that he be granted general equitable relief.

Trial was had on the issues, and on September 14, 1922, judgment and decree for plaintiffs was entered as prayed: That

the rights of plaintiffs to the rents and profits from said mort-
gaged real estate are superior to the rights of the intervener;
that the mortgage indebtedness, with interest and costs, exceeds
the value of said premises in an amount of at least $3,500, and
that said security is inadequate to satisfy plaintiffs' claim, with
interest and costs; that the mortgagors are insolvent, and that
the rents and profits from said real estate during the period of
redemption may be lost to the plaintiffs, and that a receiver
should be appointed, as prayed, to take charge and control said
premises and collect the rents and profits during the period of
redemption; that the rental value of said premises during the
period of redemption is $560; that the crop on said premises
raised and grown thereon for the year 1922 is not yet harvested,
and that the mortgagors should have possession until December
1, 1922, to harvest the same; that the mortgagees have and re-
cover from the defendant-mortgagors the sum of $19,418.40, with
interest thereon at the rate of 8 per cent from September 14,
1922, and costs, including attorney's fees in the sum of $213.79;
that M. C. Sayers is appointed a receiver, under this mortgage
and under this decree, to take immediate charge of the premises;
lease the same, and collect the rents and profits accruing there-
from during the period of redemption, and apply the proceeds
of the same toward the payment of any deficiency remaining
on said judgment; that, if the mortgaged premises sold for suf-
ficient to satisfy the plaintiffs' judgment, with interests and
costs, then and in that event, the receivership shall terminate;
and that the defendants Kate and William Mechler shall have
the right to occupy said premises until the same are sold under
this foreclosure, and up until December 1, 1922, in case sale is
made prior to that time, at which time, however, their right to
the occupancy and possession of said premises and the use there-
of shall cease and terminate, provided that the mortgaged prem-
ises be not sold for sufficient to satisfy plaintiffs' judgment, with
interest, costs, and accruing costs.

From this judgment and decree the mortgagor-defendants
and the intervener both appealed.

It is to be observed that the right of plaintiffs to foreclose
their mortgage is not questioned. The primary contention of
the defendants has to do with the right of the trial court to ap-

point a receiver to collect the rents and profits of a certain 40 acres claimed as a homestead, and included within terms of the mortgage.

We first give attention to the express provision of the mortgage with respect to the appointment of a receiver. The defendants contend that, inasmuch as this contractual provision re-

1. RECEIVERS: appointment: mortgage foreclosure: equitable grounds necessary.

lates to the right of occupancy of a homestead, the court was without power and jurisdiction to deny to the defendants their homestead rights during the period of redemption.

Is the stipulation of the mortgage, however, a sufficient mandate *per se* for the appointment of a receiver, or must the plaintiff show equitable grounds, to warrant such appointment? A receivership clause in a mortgage does not enlarge the rights of the mortgagee. We have long since relegated to the legal rag bag of the past the common-law theory of a mortgage, and have adopted the equitable or lien theory. The mortgagee is a mere lien holder. He acquires no legal right to the property as such; and if his security is sufficient and adequate, he is not to be viewed as injured by a breach of any covenant of the mortgage. In brief, under our law, a court of equity, if equitable grounds are shown, may appoint a receiver, with or without a stipulation in the mortgage; and it may refuse to appoint one in a given case, if the facts so warrant, even though the mortgage contains the usual and ordinary stipulation for the appointment of a receiver.

"If the security is ample, the court will not appoint a receiver in either case." *Durband v. Ney,* 196 Iowa 574.

The power to appoint a receiver in a foreclosure suit is a power inherent in a court of equity, and is to be exercised or withheld according to the consideration of the rights and equities of all parties, as determined by the circumstances of the case. It is for the court to say whether a receiver shall be appointed, upon the whole record bearing on the cause. *Walters v. Graham,* 190 Iowa 481. *A fortiori,* the mandate of the mortgage is not controlling when a homestead is involved.

An application to appoint a receiver "to take possession of the homestead" is to be granted or denied according to the rules of equity jurisprudence, and with due regard to the limi-

tations of statute. We are conceding, under the facts in this case, that homestead rights are involved. In this particular, *Cowgell v. Warrington,* 66 Iowa 666, is controlling.

The real question at issue involves the right of occupancy of a homestead by the mortgagor during the year of redemption. May he pledge this right as security for a debt? If not, why

2. HOMESTEAD: mortgage: possession and rents during redemption.

not? Section 10150 of the Code of 1924 provides that:

"The homestead of every family * * * is exempt from judicial sale, where there is no special declaration of statute to the contrary."

Clearly, a sale under foreclosure is a statutory judicial sale. What is the special declaration of our statute which removes the homestead from the defined exemption? It is:

"The homestead may be sold to satisfy debts * * * created by written contract by persons having the power to convey, expressly stipulating that it shall be liable, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt." Section 10155, Paragraph 2, Code of 1924.

The contract in the instant case was executed by the persons having the power to convey the homestead. The contract did expressly waive homestead rights, and stipulated for the appointment of a receiver "who shall take possession of the mortgaged premises and collect all rents and profits accruing therefrom." But one question, therefore, calls for an answer: Had plaintiffs exhausted all other property pledged by *the same contract* for the payment of the debt, before resorting to the homestead to pay the deficiency on the judgment, if a deficiency existed? How may it be known that a deficiency did exist, until a sale of the mortgaged premises on execution? The market value of the real estate cannot be viewed as conclusive, nor can it be made the criterion in determining whether a deficiency will remain.

In brief, we hold that a receiver under a mortgage may not take possession of the homestead until sale on execution is had, as it cannot be determined until that time, with that degree of certainty contemplated by the law, that a deficiency exists. The homestead is a solicitude of the law, and this court recog-

nizes the importance of the preservation of the home. The power to mortgage a homestead is qualified by statute, and a judicial sale of the homestead under stipulations in a mortgage is to be enforced for the benefit of the mortgagee as a last resort only.

The record before us discloses that the decree of foreclosure was entered September 14, 1922. The premises were sold at sheriff's sale October 28, 1922, for $19,000. This conclusively shows that the security was inadequate to satisfy the claim of the appellees herein, and in addition thereto the insolvency of the mortgagors is shown. No real estate was owned by the defendant-appellants, except the mortgaged farm. They possessed no personal property, except the stock and personal goods on the farm. This property, including the growing crop, was covered by chattel mortgages aggregating $4,790; and there were unsatisfied judgments against the mortgagors, slightly exceeding $1,000. The trial court recognized that the farm crops maturing in 1922 inured to the benefit of a chattel mortgagee, and expressly exempted the crop and its proceeds from the supervision and control of the receiver appointed. In fact, under the terms of the decree the receiver was not entitled to take possession of the premises until December 1, 1922; and if the mortgaged premises were sold prior to that date "for sufficient to satisfy the plaintiff's judgment with interest and costs, then and in that event the receivership shall terminate." The trial court recognized the principle that finds expression in this opinion. The mere appointment of a receiver upon the entry of the decree of foreclosure did not in any manner prejudice the homestead rights of the mortgagor.

3. RECEIVERS: appointment: possession of homestead during redemption.

Nor do we find that the intervener is in a position to claim any rights under his lease with the mortgagors. With commendable candor his pleading charges him with full notice of all claims of the plaintiff at the time he took his lease. Under the record, he stands in no better position than his lessor. The rights of the mortgagee to the rents under a mortgage pledging the same came into being when the action was commenced. *First Nat. Bank v. Security T. & S. Bank*, 191 Iowa 842. We construe the language employed in the mortgage before us as a pledging of the rent

4. MORTGAGES: priority: lease pending foreclosure.

and profits to the payment of the debt.  *Walters v. Graham,* supra.

The judgment and decree of the trial court is in all particulars—*Affirmed.*

All the justices concur.