LESLIE M. SHAW and ALICE C. SHAW,

*vs.*

LINCOLN HOTEL CORPORATION, a corporation of the State of Delaware.

*New Castle, July* 22, 1931.

*E. Ennalls Berl,* of the firm of Ward & Gray and *Paul Leahy,* for Joseph H. Hines.

*John R. Nicholson,* for receiver.

THE CHANCELLOR: The receiver, by his solicitor, does not ask for any personal decree against Himes. All that he asks is for the court to make an assessment upon unpaid stock in order to put the corporation's receiver in the possession of funds necessary to pay the insolvent's debts and defray the expense incidental thereto which the delinquency of the assessable stockholder has necessitated. The propriety of such a proceeding as this in an insolvency cause has been adjudged by the Supreme Court of the State in *Cooney v. Arlington Hotel Co.,* 11 *Del. Ch.* 430, 106 *A.* 39, affirming 11 *Del. Ch.* 286, 101 *A.* 879, 892. An assessment for the purpose shown is the equivalent of a call by the directors, had the receiver never been appointed. The court in making such a call or assessment, takes the place and exercises the office of the directors. *Great Western Telegraph Co. v. Purdy,* 162 *U. S.* 329, 16 *S. Ct.* 810, 40 *L. Ed.* 986. The order of assessment does not purport to be a judgment against any one in particular. Nor does it undertake to determine the question of whether any particular stockholder is or is not liable in any amount. 162 *U. S.* 329, 337, 16 *S. Ct.* 810, 40 *L. Ed.* 986.

The Chancellor in *Cooney Co. v. Arlington Hotel Co., supra,* recognized this as a reading of his opinion discloses.

But upon the question of whether the assessment should be made and the amount thereof, the action of the court is conclusive on all the stockholders. Chancellor Curtis in the case just cited so held. As to the amount of claims to be paid, the deficiency of assets, the costs of the receivership—all of which are necessarily involved in an adjudication of the need of an assessment and its amount—he said.

"As to all these matters, and perhaps others, stockholders are so far an integral part of the corporation that in the view of the law they are to that extent privy to proceedings by a receiver of an insolvent company on behalf of its creditors to enforce payment for stock not paid for, and cannot question the propriety of the assessment when made." Citing cases.

So much is this so that the stockholders liable to assessment are not entitled to notice of the assessment proceedings. It was so held in *Brown v. Allebach,* (*C. C.*) 156 *F.* 697, and in *Great Western Tel. Co. v. Purdy, supra.*

Now Himes does not seek to appear and show cause against the rule on the ground that the claims filed are not just or for any other reason that the assessment should not be made. He desires to appear specially simply to protest against entering a decree against him, because he is beyond the jurisdiction. No decree is proposed to be entered against him personally. It is however proposed to enter an adjudication of assessment and that stockholders who have not paid for their stock should be required to pay, up to the amount of their subscriptions, such sums as are necessary to make good the assessment. If Himes belongs among those, he will be required to pay what is due, and he cannot question the propriety of the assessment or its amount, notwithstanding his absence from the jurisdiction. If he is not a stockholder, or if he is one but has a good defense other than one based on the necessity and the amount of the assessment, there is nothing now proposed to be done

which would undertake to foreclose him from setting it up at the proper time.

If the assessment might prove to be too great, that constitutes no reason against making it. A refund of any excess would correct the error. *Paine v. Mueller*, 150 *Iowa*, 340, 130 *N. W.* 133.

The application of Himes for leave to appear specially will be denied, and the receiver's petition, there being no cause shown against it, will be granted.