WELLMAN SAVINGS BANK, Trustee
of Wellman Savings Bank
Profit–Sharing Trust, Plaintiff–Appellee,

v.

Merton D. ROTH and Virginia Roth,
Defendants–Appellants.

Wellman Manufacturing & Engineering Co., Inc.; Jeff Hansen d/b/a Modern Hog Concepts, Inc., successor in interest to Modern Hog Concepts; Yoder, Inc.; Amoco Oil Company; Bloom, Inc.; Home Gas, Inc.; English River Pellets, Inc.; Sprayer Specialties, Inc.; Prairie Farm Supply Company; Kalona Sale Barn, Inc.; Bryce Pauls, Defendants.

No. 87–1039.

Court of Appeals of Iowa.

Sept. 28, 1988.

Jay T. Schweitzer and Timothy Wink of Perry & Schweitzer, Columbus Junction, for defendants-appellants.

William S. Vernon and Steven P. Greiner of Moyer & Bergman, Cedar Rapids, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

The defendants, Merton and Virginia Roth, appeal from a district court order appointing a receiver over their farm property and requiring the Roths to pay rent on their homestead to the receiver. The defendants contend that the district court erred in appointing the receiver and requiring rent prior to the conclusion of the bank's foreclosure action and possible sheriff's sale. Defendants also assert that the appointment of a receiver prior to the end of the redemption period is contrary to Iowa Code section 628.3.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, but we are not bound by them. Iowa R.App.P. 14(f)(7). We affirm.

The Roths agreed to a mortgage with the Wellman Bank using their homestead property as security. The terms of the mortgage permitted the bank to have a receiver appointed upon commencement of a foreclosure action to take possession and to collect rents and profits.

Defendant Roths subsequently defaulted on their payments. In February of 1987 the bank commenced a foreclosure action against the Roths and other junior lien holders to collect on a debt of $64,948.71. Following this action, the bank sought the appointment of a receiver. The bank offered evidence that no payments had been made since 1985; taxes were delinquent since October 1, 1986; insurance was about to be cancelled; there was a water problem in the basement; and the exterior rock wall near the foundation had fallen and defendant did not intend to repair it. Plaintiff also introduced evidence placing the value of the property at $47,500 and the amount of the mortgage due at $64,948.71.

The district court appointed a receiver. The court granted the Roths a first right to rent the property for $350 per month.

I.

The Roths contend that a mortgage provision providing for the appointment of a receiver prior to a sheriff's sale without proof of insolvency is not enforceable. The Roths rely on the rule from *Sheakley v. Mechler*, 199 Iowa 1390, 203 N.W. 929 (1925). The court in *Sheakley* said:

We hold that a receiver under a mortgage may not take possession of the homestead until sale on execution is had, as it cannot be determined until that time, with that degree of certainty contemplated by the law, that a deficiency exists.

*Sheakley* at 1395, 203 N.W. 929. This rule is based on the statutory language which is now found at section 561.21 of the Iowa Code. This section provides in relevant part:

The homestead may be sold to satisfy debts of ... those created by written contract by persons having the power to convey, expressly stipulating that it shall be liable, *but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.*

Iowa Code § 561.21 (1987) (emphasis added).

In the *Sheakley* case, the property which was the subject of the mortgage included the homestead (forty acres), additional property (eighty acres), and the crops which were to be harvested from such property. *Sheakley* at 1392, 203 N.W.2d 929. In the case before us, the property which is the subject of the mortgage is described as:

The South Two Hundred ninety-five (295) feet, except the North One Hundred Eighty feet, four inches (180'4") thereof, of the East One-half (E½) of the North

Five Hundred Ninety (590) feet of Out Lot Number One (1); excepting therefrom the South Nineteen (19) feet Eight (8) inches thereof; in Heights Addition to the incorporated Town of Wellman; in Washington County, Iowa.

The homestead must embrace the house used as a home by the owner. Iowa Code § 561.1 (1987). It may contain one or more contiguous lots or tracts of land which are used as part of the homestead. *Id.*

We find the home and contiguous land which is the subject of the mortgage in this action to be a homestead. There is no other property which is pledged by the same contract. Thus, we find the rule from *Sheakley v. Mechler* is inapplicable in this case.

■ Iowa Code section 680.1 provides authority for the trial court to appoint a receiver where:

> ... the party has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents and profits, are in danger of being lost or materially injured or impaired, and ... the interests of one or both parties will be promoted, and the substantial rights of neither unduly infringed....

Iowa Code § 680.1 (1987). It is not necessary to show that an absolute right to recover exists, it is enough to show a probable right exists. *Paine v. Mueller,* 150 Iowa 340, 343, 130 N.W. 133, 134 (1911).

■ Plaintiff presented evidence at trial revealing an inadequacy of security. Specifically, plaintiff showed the value of the property to be $47,500 and the amount of mortgage due $64,948.71. We find, given the fact that this property is the only property on this contract, that sufficient evidence exists to establish a probable right to recover. Plaintiff also presented evidence that taxes on the property were delinquent; that the insurance was about to be cancelled; that there was water damage and a foundation problem which were not being attended to by the defendant. We find this evidence establishes that the property is in danger of being materially injured or impaired as required by section 680.1 in order to appoint a receiver. *See* Iowa Code § 680.1 (1987). Accordingly, we find the appointment of a receiver prior to an execution sale to be proper where there was evidence of an insufficiency of security, where there was a danger of said property being materially injured and where the homestead was the only property subject to the mortgage.

## II.

The Roths further contend that appointment of a receiver prior to the end of the redemption period is contrary to Iowa Code section 628.3. Defendants do not deny that they forfeited the right to possession and the right to rents and profits pursuant to the mortgage agreement. Rather, they contend that their agreement should not be enforced as it is contrary to a debtor's right to possession during redemption period under Iowa Code section 628.3.

■ The right to redeem is statutory and not constitutional. *Farmers Trust and Sav. Bank v. Manning,* 359 N.W.2d 461, 463 (Iowa 1984). These rights can be disposed of separately. *Federal Land Bank of Omaha v. Haworth,* 414 N.W.2d 650, 654 (Iowa App.1987) (Sackett, J., specially concurring). *See also Hartman Mfg. Co. v. Luse,* 131 Iowa 492, 96 N.W. 972 (1903).

■ We hold that defendants through the terms of their mortgage agreement gave the plaintiff a lien on their section 628.3 possession rights.

AFFIRMED.