HARRISON v. WILMERING.

1. **Redemption**: SUCCESSIVE EXECUTION SALES. Defendant's property was sold under execution, and about eleven months later it was sold under another execution issued upon a different judgment. *Held* that he was entitled to redeem from both sales by paying to the clerk, within a year from the date of the first one, the two amounts for which the property had been sold, with interest on each from the day of sale.

*Appeal from Louisa District Court.*

THURSDAY, MARCH 10, 1887.

ACTION in equity to quiet title to certain town lots in the town of Columbus Junction. There was a decree for the defendant. The plaintiff appeals.

*Sprague & Springer* and *Hurley & Hale*, for appellant.

*L. A. Riley* and *Gray & Tucker*, for appellee.

ADAMS, CH. J.—The plaintiff claims to be the owner of the lots through an execution sale made upon a judgment against the defendant, Wilmering. The latter claims to have redeemed from the sale. The question presented arises upon a demurrer to the defendant's answer. The facts appear to be as follows: There were two judgments against the defendant,—one held by one Coe, and the other by the

Louisa County National Bank. The property was sold on the Coe judgment July 7, 1883, and bid in by Coe. About eleven months later, the property, or, more properly perhaps, Wilmering's right of redemption, was sold on the judgment held by the bank, and purchased by the present plaintiff, Harrison. Before the expiration of the year from the first sale, the defendant in the two executions, being the present defendant, paid to the clerk, with interest, the two amounts for which the property had been sold under the two executions, respectively, for the purpose of redeeming from both sales. The plaintiff, however, denies that he had the power to redeem from the second sale, being that under which he claims, because, as he insists, the interest sold was a mere right of redemption, and the statute does not allow a right of redemption from a sale of the right of redemption. But, under the statute, the execution defendant clearly has a year from the first sale in which to redeem therefrom. He exercised that right within the year. Having exercised it, he stood in the same relation to the plaintiff, the second purchaser, in which he would have stood if there had been no first sale. It is plain to be seen that the rule contended for by the plaintiff would frequently result in a sacrifice of the defendant's property. The right given by statute to redeem from the first sale would be rendered valueless. We think that the court correctly held that the defendant had a right to redeem from both sales.

AFFIRMED.

REED, J., *dissenting*.