R. W. SAYRE, Appellant, v. E. VANDER VOORT et al., Appellees.

EXECUTION: Property Subject—Execution Debtor's "Right of Possession." A debtor's statutory "right of possession" of real estate during the year given for redemption from sale on execution is not, in and of itself, leviable.

Headnote 1: 23 C. J. p. 349 (Anno.)

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 17, 1925.

SUIT in equity, wherein plaintiff avers that he is entitled to the "right of possession" of certain real estate, from and after February 26, 1923, and until January 25, 1924. As against all defendants except Vander Voort he asks to quiet his title to such temporary "right of possession;" and as against Vander Voort he asks judgment for the rentals accrued during such period. The answers in effect denied the right of plaintiff, either in law or in fact, to any of the relief claimed. Upon trial had, decree was entered dismissing· the plaintiff's petition, and he appeals.—*Affirmed.*

*Henry Silwold,* for appellant.

*Ross R. Mowry* and *Cross & Hamill,* for appellees.

EVANS, J.—No dispute of fact is presented. The contention of plaintiff turns wholly upon a question of law. The plaintiff is the assignee of a judgment obtained October 21, 1921, by one Boyle against De Goey. De Goey was at that time owner of certain real estate upon which the Boyle judgment became a lien. This real estate was under previous incumbrance of two mortgages, for $35,000 and $19,000, respectively. In November, 1922, the second mortgage was foreclosed. Boyle was party-defendant to such foreclosure suit. Pursuant to the foreclosure decree, the land was sold under special execution on January 25, 1923.

On December 13, 1921, De Goey leased the land to Vander Voort for the term of three years, beginning March 1, 1922. The rent stipulated was partly in crop share, and partly in cash. Vander Voort executed notes for the cash rent, and took possession under his lease on March 1, 1922. In June, 1922, the rent notes were sold by De Goey to defendant Smorenberg. On December 30, 1922, the balance of rent due under the lease was assigned by De Goey to defendant Stubenraugh. Such was the chronology of the case up to the date of the foreclosure sale, January 25, 1923.

On January 26, 1923, the plaintiff, as assignee of Boyle, caused general execution to issue under his judgment, and a levy to be made upon De Goey's "right of possession" during the year of redemption. On February 26, 1923, sale was had

under this execution, and plaintiff became the purported purchaser of such "right of possession." On January 30, 1923, De Goey executed a deed for such real estate to the defendant Shankland.

The contention for the plaintiff is, in substance, that a land-owner's "right of possession" of his real estate during the year of redemption is, in and of itself, a property right, and is distinct and severable from the title, and is subject to execution sale as such. He also contends that such property right is an interest in real estate, within the meaning of the statute, and that his judgment was a lien thereon at all times since its rendition, and that he thereby takes priority over all rights acquired subsequent to the date of the judgment. That the plaintiff's judgment was a lien upon De Goey's real estate and upon his full interest therein (in the absence of homestead) goes without saying. That it was subject to the prior incumbrances is conceded. That the enforcement of such lien against the real estate was subject to statutory procedure and to all the limitations of such procedure is also plain. Does it follow that a judgment-creditor may carve out of the title of his debtor a temporary "right of possession" for one year, or for more or less, and sell the same under execution as property separate and distinct from the land itself or the title thereto? The right of redemption and the "right of possession" during the year of redemption are incidents of ownership of the land. Ownership carries with it the "right of possession" and the right of redemption from incumbrances. While these rights differ in their nature, and are not identical, yet both are parts of the same thing, and that is the title of the judgment-debtor. Each of them is the creature of a merciful statute, which comes to the relief of the hard-pressed debtor and stays the hand of a creditor for twelve months after an execution sale. Neither of them is an estate which can be carved out of the larger estate at the will of a creditor. The owner had the "right of possession" before the foreclosure sale. Under the statute, that "right of possession" was extended for him for twelve months after the execution sale. Granted that the plaintiff had a lien, and that he had a statutory right to execution and to levy such execution upon the debtor's land to the full extent of the debtor's interest

therein, yet this would only be a sale of the land subject to
superior incumbrances. The proceeding would be purely statu-
tory. The same statute which gave to the owner the "right of
possession" for twelve months after the foreclosure sale gave
him likewise the "right of possession" for twelve months after
plaintiff's sale under general execution. With certain specified
exceptions, there is no provision in our statute for the sale of
real estate under execution, or any interest in real estate, except
it be subject to the right of redemption and possession for the
period of twelve months.

In *Wissmath Packing Co. v. Mississippi River Power Co.,*
179 Iowa 1309, we had occasion to consider the question of the
power of the owner himself to carve the right of redemption, as
a separate estate, out of his larger estate of ownership, and we
held adversely to such a contention. In that case we said:

"The parties dispute in argument whether the plaintiff's
so-called 'right of redemption' was 'other property,' within the
meaning of the Congressional Act. The plaintiff's theory of the
case carves out of the fee-simple estate the 'right of redemp-
tion,' as being plaintiff's distinctive and exclusive property. The
defendant contends that such 'right of redemption' is not 'land
or other property,' within the meaning of the Congressional
Act. Defendant also contends that, under the rule of *ejusdem
generis,* the term 'other property' must be construed to refer
to landed property; whereas the plaintiff contends that the
'right of redemption' is an interest in real estate, and in any
event is 'property,' and that the rule of *ejusdem generis* has no
application. The packing plant was land. The plaintiff was
the owner of it in fee simple. If the water damaged it, it was
a damage to the land. The fact that the plaintiff had incum-
bered its title with a mortgage did not change its relation to the
fee title. By the terms of the mortgage, it had a right to pay
the debt and discharge the lien at any time. Independent of
the terms of the mortgage, it had such a right as a matter of
equity. This was its 'right of redemption.' This right would
continue indefinitely until foreclosure sale and until one year
thereafter. As a matter of terminology, the right of redemption
*before* sale is often referred to as the *equitable* right of redemp-
tion, and the right *after* execution sale as the *statutory* right of

redemption. Whether exercised before sale or after, the right of redemption is essentially the same. It is the right to discharge the lien by payment of the debt. The purchaser at execution sale holds a lien, and a lien only, until his right to a deed matures by the expiration of one year. The mortgagor holds his fee-simple title for the same period. It was expressly so held in *Dolan v. Midland Blast Furnace Co.,* 126 Iowa 254, 256. The title of the mortgagor being thus complete, the 'right of redemption' adds nothing to his title or estate, and carves nothing out of it. * * * What we have already said indicates our view that the right of redemption is not an estate nor an interest in lands in any other sense than that it is a necessary incident of ownership, attaching to it and following it at all times. While the ownership continues, the right of redemption continues. When the ownership ceases, the right of redemption ceases likewise, of necessity. There can be no right of redemption without ownership, and ownership without a right of redemption would not be ownership. * * * Conceding that a right of redemption has value, as contended, such value is precisely the same as the value of ownership subject to the incumbrance, and such was the measure of damage submitted by the court to the jury.''

Plaintiff's special reliance in his brief is upon two of our former cases: *Curtis v. Millard & Co.,* 14 Iowa 128; and *Hartman Mfg. Co. v. Luse,* 121 Iowa 492. The plaintiff relies especially upon the following quotation from the first cited case:

''Under our statute the legal estate of a judgment debtor is not divested by a sale of his land under execution, until after the expiration of the time for redemption, and the title has vested in the purchaser by deed from the sheriff. Prior to the delivery of such deed (which cannot be made until after the time for redemption runs out), the legal estate, the possession, and usufruct, all remain with the execution debtor, and *is* an interest of value, or such an estate as may be the subject of a lien, or of sale under an execution, or of a conveyance by deed from the debtor.''

The quoted excerpt will not bear the interpretation which plaintiff puts upon it. The possession therein is not carved out from the legal estate by the statement that ''the legal estate,

the possession, and usufruct * * * *is* an interest of value," etc. Notwithstanding the foreclosure sale, the plaintiff had a right to sell again the legal estate of the debtor. This legal estate would carry the possession and usufruct, subject only to the limitations of the statute. This is not saying that it could be sold under execution in disregard of the statutory right of redemption and possession. If it could be said that the decision in this case carried an implication to the contrary, it must also be said that such implication has never been recognized in our subsequent decisions, the whole trend of which is in the other direction.

In *Hartman Mfg. Co. v. Luse,* all that was actually decided was that a sale of the right of redemption did not necessarily carry with it the "right of possession." It was said by way of illustration that the debtor could dispose of his right of redemption and yet reserve to himself the right of possession, or dispose of such "right of possession" to another. Because the debtor may do these things voluntarily, it does not follow that a creditor may enforce such disposition upon him. The debtor himself is under no statutory inhibition against making such disposal as he chooses; whereas the creditor is under statutory disability, so far as the enforced subjection of these rights is concerned. It was not held in this cited case, as is assumed in the brief, that the "right of possession" was subject to sale under execution.

In *Harrison v. Wilmering,* 72 Iowa 727, we held expressly that the sale of the right of redemption under a second execution could not deprive the judgment-debtor of his right of redemption from both sales, within the statutory period. To the same effect, in substance, was *American Inv. Co. v. Farrar,* 87 Iowa 437. We think the views herein expressed are in accord with the great weight of authority in other jurisdictions. The following quotations from other courts will be sufficiently illustrative:

"The levy of the defendant was upon the lands of the plaintiff. It was not a levy upon plaintiff's right to redeem, or his right to contract with reference to such redemption. While the second levy is frequently spoken of as a levy upon the equity of redemption, cases which have the question squarely involved

hold that the levy is not a levy upon the right to redeem."
*Pellston Planing M. & Lbr. Co. v. Van Wormer,* 198 Mich. 648
(165 N. W. 724, at 726).

"But whatever may be the technical character of the in-
terest springing from the right of redemption given to a judg-
ment debtor whose lands have been sold under execution, it is
not one which may be reached and subjected to sale by a credi-
tor who is in condition to redeem as provided by statute. This
is not an open or debatable question in this state." *Ewing v.
Cook,* 85 Tenn. 332 (4 Am. St. 765, at 767).

"The only interest which Bostwick then had was the right
to redeem; and to allow this right to be sold on execution would
defeat the whole policy of the law allowing redemptions. The
right was designed as a favor to the debtor, to afford him an
opportunity to save his real estate by the payment, at any time
within twelve months, of the price for which it sold, with ten
per cent interest; but it would be entirely cut off by allowing
this right to redeem to be sold on a second judgment. Again,
such a practice would interfere directly with the mode pre-
scribed by the legislature for redemptions by judgment credi-
tors. The law will not permit them to redeem till the expira-
tion of twelve months from the first sale, and it would be incon-
sistent with the provision of the statute to allow a judgment
creditor to accomplish the same object by a sale made within
the twelve months." *Merry v. Bostwick,* 13 Ill. 398 (54 Am.
Dec. 434, at 438).

To put the matter in still another form, and briefly, the
"right of possession" during the redemption year, as a right
of property, is purely statutory; it is a right carved out of the
estate, and is reserved to the debtor, to the exclusion of the
creditor; it is in the nature of an exemption; the execution of
the creditor is not permitted to reach it. It would be an
anomaly to say that it is not subject to appropriation by a sen-
ior creditor under execution, but is subject to appropriation by
a junior creditor under execution. If this right could be taken
under execution at all, consistency would require that it should
be first available to a senior creditor, rather than to a junior.

It is our conclusion that the plaintiff's judgment was a lien
upon the full ownership of the judgment-debtor in the real

estate involved, subject to prior incumbrances; that the right of the judgment creditor was to sell such interest in its entirety, in so far as it pertained to any particular tract of land; that, if the execution sale by plaintiff had validity at all, it was valid only as a sale of the land by a junior lien holder; that the sale was subject to the same statutory provisions as any other execution sale of the same land would be.

The decree dismissing the petition is affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.