VENCIL STARITS, Appellant, v. THOMAS AVERY, Appellee.

EXECUTION: Property Subject to Execution—Crops Raised During Redemption Period. The right of the owner of land, after mortgage foreclosure, to the possession of the property during the twelve-months redemption period does not embrace the right to hold exempt from levy under the mortgage deficiency judgment the harvested grain which has been raised on the premises during said redemption period, and which constitutes the said owner's share as rent.

Headnote 1:   23 C. J. p. 329; 42 C. J. pp. 270, 305.

Headnote 1:   19 R. C. L. 628.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action at law against the defendant, as sheriff of Linn County, for the conversion of certain personal property belonging to plaintiff, by virtue of a writ of general execution issued upon a deficiency judgment in a proceeding to foreclose a real estate mortgage against the plaintiff, as a mortgagor. The opinion states the facts. Jury was waived by consent of counsel, and the cause was tried to the court on an agreed statement of facts. The trial court dismissed the plaintiff's petition, and taxed the costs to the plaintiff. From the judgment entered the plaintiff appeals.—*Affirmed.*

*Charles L. Benesh,* for appellant.

*Johnson, Donnelly & Lynch,* for appellee.

DE GRAFF, J.—A question of law is presented on this appeal. The facts are stipulated. Plaintiff is the owner of the equity of redemption in certain real estate. The defendant is the sheriff of Linn County, Iowa. The action is for conversion of plaintiff's crop-share of grain raised on plaintiff's farm by his lessee during the period of redemption.

The story, briefly told, is that one Eliza Jane Kerns was

the payee of a note of which the plaintiff was one of the makers, and she owned a real estate mortgage executed by plaintiff to secure the payment of the debt evidenced by said note. Plaintiff failed to pay his debt. The mortgagee (Mrs. Kerns) commenced suit, August 8, 1924, to foreclose the mortgage. Decree was entered. The real estate in question was sold in lawful manner under special execution, February 20, 1925, but the sale did not satisfy the mortgage indebtedness. A deficiency judgment was entered against the plaintiff herein. Subsequently, a general execution issued against plaintiff, and the defendant sheriff made levy upon certain harvested grain which represented the crop-share of rent to the plaintiff-landlord for the year 1925. Plaintiff served notice to release the levy, which caused the sheriff to call for an indemnifying bond, which was furnished. Thereupon, the sheriff proceeded to sell the harvested grain, 702 bushels of oats and 145 bushels of wheat, the agreed value of which was $466 at the time of the sale.

The plaintiff's position and sole contention and claim on this appeal may be found in the recitals of his affidavit attached to his notice to the sheriff to release the levy. These recitals, in substance, are: (1) That he is the owner of the fee-simple title to the premises sold by the sheriff in a foreclosure action entitled Eliza Jane Kerns v. Vencil Starits et al.; (2) that a deficiency judgment was rendered against the defendant therein; (3) that, by virtue of the statute (Section 11774, Code of 1924), he had the right to the possession of said premises, therein foreclosed, for a period of one year from the date of the foreclosure sale, and the right to enjoy said possession thereof and the rights incidental thereto, consisting of the rents, incomes, and profits of said land during said time; (4) that the property levied upon consisted of personal property raised upon said mortgaged premises during the statutory period of redemption and his right to possession; (5) that the levy was made by reason of the deficiency judgment rendered in said cause for the same and identical debt upon which said mortgage foreclosure was based; and that "said personal property so levied upon is exempt to me by virtue of the right of possession inuring to me as to said premises for the period of one year from the date of the sale thereof under said judgment and decree of foreclosure."

There is no dispute in the record as to what took place; and, although the legal principle involved sounds elementary, we have not found, nor do counsel offer, any decision bearing directly on the factual side.

In the last analysis, the question for decision calls for an interpretation of Section 11774, Code of 1924, which reads:

"The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof; and for the first six months thereafter such right of redemption is exclusive."

The term "equity of redemption" has a fairly well defined meaning in law. In Iowa it is a statutory right (*Kramer v. Rebman*, 9 Iowa 114), and is fundamentally a different legal concept from what was known as "equity of redemption" at common law. Under the statute, it is the right of a judgment-debtor to regain his estate which he has lost by sale under process. At common law, it is the right the mortgagor had, prior to foreclosure, to discharge the indebtedness and thus clear his property from the incumbrance of the mortgage. 42 Corpus Juris 352, Section 2080.

Under the strict common law, the title in the mortgagee became absolute, upon failure of the mortgagor to meet the condition of the defeasance, and the chancellor fixed a new date for the mortgagor to comply with the condition of the mortgage.

Under the statute, the equity of redemption comes into being only after the foreclosure sale, and the period of time for redemption is fixed by the statute. *Arnold v. Black*, 204 Ala. 632 (87 So. 170).

The term "possession" means the control or custody of a thing for occupation and enjoyment. As said in *Redfield v. Utica & S. R. Co.*, 25 Barb. (N. Y.) 54:

"Possession is the detention or enjoyment of a thing which a man holds or exercises by himself, or by another who keeps or exercises it in his name. Occupancy or possession, by one, implies the exclusion of every other individual from the occupancy and possession."

It is apparent, therefore, that, under the statutory definition found in Section 11774, supra, the right of possession in the mortgagor carries with it the right to use the mortgaged premises for one year from the date of sale thereof. This neces-

sarily implies the right to lease the premises and to control the revenue arising therefrom.

"It follows that a mortgage which does not, in terms, give to the mortgagee the right of possession before sale and the termination of the right of redemption, nor pledge the rents and profits, creates no lien upon nor interest in the right of possession given by the statute, nor upon the revenue which accrues from it." *American Inv. Co. v. Farrar*, 87 Iowa 437.

This court has never recognized the common-law theory of a mortgage, but from the beginning adopted the equitable or lien theory. It cannot be questioned, under our statute, that the mortgagor is entitled to the possession of the mortgaged premises and to the rents and profits therefrom until the expiration of the redemption period. Nor is the right of possession during the year of redemption available to a judgment-creditor under general execution in any other manner than in the land itself. *Howe v. Briden*, 201 Iowa 179. The general rule is that a mortgagee cannot levy on and sell the equity of redemption in the mortgaged premises under execution issued on a judgment for the recovery of a mortgage debt. 17 Ruling Case Law 133, 162, Sections 30 and 62; 23 Corpus Juris 345, Section 86 *et seq.*; *Marx v. Clark*, 201 Iowa 1219.

It was the plain intent of the legislature in enacting Section 11774 to declare the public policy of this state that, when a mortgagor has lost his land under foreclosure sale, he shall have the opportunity to regain it by complying with the conditions imposed by the decree of foreclosure. By judicial interpretation, the statute governing the right conferred may now be read as though it was amended to read:

"The right of the debtor to redeem shall not be subject to levy under execution."

True, it is also the policy of our law that all the property of a debtor should be responsible for his debts, but this is subject to statutory exception and limitation. Not all rights in property can be appropriated by a levy of execution upon the property, and it follows that property which cannot be taken upon execution cannot be reached by a judgment lien.

A mortgagor's right of possession during his year of redemption is a statutory privilege reserved to the debtor. It is a personal privilege incident to ownership of land, and, as said

in *Sayre v. Vander Voort*, 200 Iowa 990, is not "an estate which can be carved out of the larger estate at the will of a creditor."

In the light of these legal principles, we may now ask if the harvested grain, which represented the mortgagor's crop-rent, is to be viewed as a part and parcel of the statutory right of possession, within the meaning of Section 11774. It is clear that the grain was not real estate. It had matured. It had been cut and threshed. When the levy was made, it was personal property, and did not savor of realty. Neither the mortgagee nor the sheriff, acting for him, was interfering in any sense with the mortgagor's right of possession to real estate. The sheriff did not attempt to make levy upon or to sell the equity of redemption in the mortgaged premises. Had the rent been paid in cash, and deposited by the mortgagor to his credit at his bank, would the right to attach by garnishment exist? The mere location or character of personal property does not, unless exempt by statute from execution, relieve it from legal process. The grain was not mortgaged, nor subject to the mortgage, but, at the time of the levy, had been severed from the real estate which constituted the security for the indebtedness of the plaintiff in the first instance. When we answer, therefore, that the possession of the mortgaged real estate is not involved, and that the equity of redemption of the mortgaged premises is not involved, how can it be said, under the statutory provision in question, that the grain (matured, shocked, and threshed, and purely personal property of the debtor's) is not subject to levy and sale for the payment of a lawful debt which the plaintiff owed?

We conclude that the judgment entered by the trial court is right, and it is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.