CHARLES H. CLOUSE, Appellant, v. T. D. REEVES et al., Appellees.

FEBRUARY 7, 1928.

*Hickman, Levis & Hickman*, for appellant.

*George C. Stuart*, for appellees.

EVANS, J.—The plaintiff brought his action at law, aided by

attachment. He caused two notes to be seized under the writ, as the property of the defendant, and caused the maker thereof to be garnished. The validity or efficiency of the procedure is not questioned. The contention presented by the defendant under his motion, and sustained by the court, was that the at-. tached notes were exempt to the defendant because they constituted the rental for the current year of certain mortgaged real estate belonging to the defendant, which had been sold under special execution at the suit of another creditor. More specifically, the defendant claims to have been exercising his statutory right of possession during the year of redemption pursuant to a foreclosure sale, and that such right of possession during the year of redemption was in the nature of an exemption to him, and that, therefore, its proceeds, whether in the form of crops or of rental, were likewise exempt from seizure under process.

It appears that the farm was mortgaged to one McNay, who foreclosed his mortgage and purchased at execution sale, and that this defendant in the renting of the farm was exercising his right of possession during the year of redemption. This plaintiff was not the holder of the mortgage thus foreclosed. His debt herein sued on was separate and distinct from that involved in the foreclosure.

Was the rental due to the defendant under his lease subject to seizure in payment of other debts? We answered this question in the affirmative in *Starits v. Avery*, 204 Iowa 401. Our opinion in the cited case was handed down since the case at bar was tried in the district court. Counsel for appellees concedes that our holding in that case is fatal to him, if adhered to; but he contends that the case should be overruled, as being unsound in principle and contradictory to our previous holding. In *Sayre v. Vander Voort*, 200 Iowa 990, we held that the debtor's right of possession during the year of redemption was a statutory privilege which had been reserved to him; that it was realty, and not personalty; and that it was in the nature of an exemption to the debtor. Upon this predicate the appellees argue that, if such right of possession is not subject to seizure under process, then necessarily the products of the land, whether in the form of rent or crops, must likewise be exempt from seizure,—otherwise the right of possession to the debtor would be worthless; and that the last end of the debtor would be worse than his

first; that he had better lose his right of possession in the beginning, rather than to lose its fruit at the end. The argument illustrates the legal limitations upon a right of exemption. Such right is purely statutory. The statute enumerates personal-property exemptions, and likewise real-property exemptions. The product of real property usually becomes personal property. This is true whether the real property be exempt or nonexempt. The fact that personal property is the product of exempt real property does not extend the exemption to the personalty. The crops grown upon and severed from a 40-acre homestead are nonexempt, except so far as they may be covered by the enumeration of the exemption statute. To sustain the argument of the appellee would be to say that all products of exempt real estate are, of legal necessity, likewise exempt. The able counsel for appellees would hardly contend for so broad a result of his reasoning, yet it would be the inevitable result, if his reasoning were now adopted by us.

For the reason here indicated, the order of the district court must be, and it is, reversed.—*Reversed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.