Laurence D. Wood, S.
Petitioner, the executor herein, has brought this proceeding for construction of the will of Grace S. Alsop, deceased, particularly with reference to the construction of the “ Nineteenth ” clause thereof as it relates to the disposition of a large parcel or group of parcels of real estate on which are located five frame houses, the centér one of which was the residence of the deceased known as 432 East Manlius Street, East Syracuse, New York.
The decedent’s ownership was not complete according to the petition which alleges testatrix had 81.25% interest in 432 East Manlius Street and in the two houses east of it, while holding the entire 100% interest in the two houses to the west of the center house (432 East Manlius St.).
The Nineteenth clause of the will reads as follows: “ I hereby direct that my executors in the disposition of my real estate shall keep the property known as 432 East Manlius Street, East Syracuse, New York, the old family residence, within the family and I, therefore, direct that preference be given to my great nephew, Wilbur Galster of East Syracuse, New York, in the purchase of the property if he should so desire to do so.”
The will also authorizes and empowers the executors ‘1 to sell any or all of my property, real, personal and mixed at public auction or private sale, in their absolute discretion and on such terms as they in their discretion shall fix for the purpose of division and partition and to pay any of the legacies mentioned in this will.”
The petitioner has had offers for 432 East Manlius Street alone from Wilbur Galster in the sum of $10,000 for the full interest or for $8,125 for decedent’s 81.25% interest, while Messrs. Casciano and Basile have offered $16,500 apparently *51 for the entire title to 432 East Manlius Street, including the outstanding 18.75% of the interest in the title not held by the decedent, conditioned however upon the fact that the balance of the land will also be sold to said buyers Casciano and Basile at total price for the entire tract of $32,500.
The question presented is whether or not paragraph ‘1 Nineteenth ”, of the will limits or curtails the power of sale given the executor, to the result that the executor must accept the offer of Mr. Galster for decedent’s 81.25% interest in the property at 432 East Manlius Street without regard to the fact that the offer from Casciano and Basile would produce a very substantial larger advantage to the estate.
If Mr. Galster’s offer were such that it was of equal benefit to the estate as the other offer, then I believe the use of the word ‘ ‘ preference ’ ’ in paragraph 1 ‘ Nineteenth ’ ’ would require that the executor sell to Mr. Galster. (Conemaugh Gas Co. v. Jackson Farm Gas Co., 186 Pa. 443.)
It is my opinion that the wording of paragraph “ Nineteenth ” is too ambiguous to permit any other interpretation of the word “ preference ” as therein used. The uncontroverted expert testimony herein was that the offer of Casciano and Basile is much more to the advantage of the estate. In the absence of more precise and definite directions by the testatrix in said paragraph as to what she meant by the word “ preference ”, I hold that the executor should follow the duties as set forth in Matter of Graves (197 Misc. 555) and accept the offer of 'Casciano and Basile, it being for the best interest of the estate. Decreed accordingly.