FEDERAL LAND BANK OF OMAHA, A Corporation, Appellee,

v.

Harold V. HEEREN and Mary E. Heeren, Appellants.

No. 85–1467.

Supreme Court of Iowa.

Jan. 14, 1987.

Steven P. Wandro, Des Moines, and Christine M. Luzzie, Iowa City, for appellants.

Gregory N. Lohr of Carter, Sar, Edmonds & Green, Sioux City, and Thomas H. Burke of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and NEUMAN, JJ.

McGIVERIN, Justice.

Defendants Harold and Mary Heeren appeal from district court approval of a receiver's lease of their foreclosed real property to third parties when Heerens were not given the opportunity to lease the land under the same arrangement pursuant to Iowa Code section 654.14 (1985). Upon consideration of the issues raised on appeal, we affirm in part, reverse in part and remand the case for further appropriate proceedings in the receivership.

This case arose under a unique set of facts. On June 30, 1977, defendants Harold and Mary Heeren received a loan from plaintiff Federal Land Bank of Omaha (FLB). In consideration of the loan, Heerens executed a promissory note and secured the note with a real estate mortgage on two parcels of property. Heerens defaulted under the terms of the note and mortgage by failing to pay the installment due on January 1, 1984.

On October 10, 1984, FLB filed a petition of foreclosure on Heerens' note and mortgage. A decree of foreclosure was entered by the district court on January 11, 1985.

The mortgaged parcels were sold at sheriff's sale on March 6, 1985. At that sale, FLB purchased a quarter section tract, while other parcels were bought by persons not parties to this action. The sale proceeds exceeded the amount of the foreclosure judgment, thereby leaving no deficiency on the judgment.

Following the sale, FLB applied for the appointment of a receiver to preserve FLB's security interest and to protect the property. FLB also asked that the receiver collect rents and profits on the property. The court, noting the consent of Heerens, entered its order appointing LeDioyt Land

Company as the receiver, ordering that possession be yielded to LeDioyt, and ordering LeDioyt to collect the rents and profits from the quarter section and hold them until further order of the court.

LeDioyt then contacted Neil and Doug Helvig, farm managers from Sioux City, to find a tenant for the Plymouth County quarter section. Doug Helvig, on behalf of LeDioyt as receiver, leased the land to Don and Marcel Vondrak on May 1, 1985, for the 1985 crop year.

On June 5, LeDioyt applied for court approval of the Vondrak lease. Heerens resisted the lease approval, requesting the court to compel the receiver to lease the quarter section to Heerens and to extend the statutory period of redemption by one year.

The court entered its order approving the lease on September 3. The court found that the receiver had substantially complied with the provision of Iowa Code section 654.14 requiring a leasing preference to Heerens despite the fact that Vondraks were offered rental terms different from the terms offered to Heerens. The court then ordered:

These Defendants [Heerens] shall be afforded the opportunity to lease the mortgaged premises hereinbefore described during the 1986 crop year at a cash rent of $5,500 with $2,750 payable on or before April 15, 1986, and $2,750 payable on or before December 1, 1986, if said real estate has not been sold to a bona fide purchaser, for cash or upon installment contract, on or before the 10th day of April, 1986.

The court did not address Heerens' request for an extension of the statutory redemption period for one year, but impliedly denied the request.

Heerens appeal from the district court's order, asserting the court erred (1) in determining the receiver gave a preference to Heerens as required by Iowa Code section 654.14; and (2) in failing to extend the redemption period an extra year. Our scope of review in this equity action is de novo. Iowa R.App.P. 4.

Before we can address these issues, we first must comment on the appointment of a receiver under this record.

I. *Appointment of receiver.* Under the provisions of the mortgage, FLB was entitled to immediate possession of the quarter section and could apply to the court for the appointment of a receiver if Heerens defaulted on their note. Iowa Code section 628.3 allows the debtor to remain in possession of land, on which he has been foreclosed, during the one-year redemption period. Additionally, FLB requested, and the court ordered, that the receiver collect rents and profits on the quarter section. The mortgage did not pledge rents and profits on the mortgaged parcel as security for the note. Heerens failed to object to the court's appointment of a receiver on either of these grounds.

Generally, a receiver is not appointed by the court after a sheriff's sale unless there is a deficiency or there is some danger to the property. *World Building, Loan & Investment Co. v. Marlin,* 151 Ind. 630, 636–37, 52 N.E. 198, 200 (1898) (deficiency). *See generally* 55 Am.Jur.2d *Mortgages* §§ 978–79, 1000 (1971). A receiver appointed prior to a sheriff's sale will be discharged if the full amount of the judgment of foreclosure is received at the sale. *Davis v. Dale,* 150 Ill. 239, 243, 37 N.E. 215, 216 (1894).

In the present case, there was no deficiency. It does not appear that evidence was introduced in the record to support the allegation that waste was likely to occur. *See* Iowa Code § 680.1; 55 Am. Jur.2d *Mortgages* § 991 (to justify appointment of receiver, appearance or danger of waste must be proven). There is no record on which a receiver typically would have been appointed; however, Heerens *consented* to the appointment, waiving any challenge they might now level against the appointment. *See State v. Nelson,* 394 N.W.2d 346, 349 (Iowa 1986) (contention not raised in trial court cannot be raised for first time on appeal).

Pursuant to the district court's order, the receiver took possession of the quarter section. By its action, the receiver ousted the mortgagors (Heerens) and cut off their right to possession under Iowa Code section 628.3. Heerens claim, however, they then were entitled to a preference in leasing the quarter section.

II. *Leasing preference to debtor.* Iowa Code section 654.14 [1] requires the receiver of real estate that has been foreclosed upon to give a preference in leasing the mortgaged property to the owner in actual possession. On its face, section 654.14 would apply to Heerens' attempt to lease the quarter section for which LeDioyt was the receiver.

Heerens contend they were not given a preference in leasing the quarter section because the receiver did not give them the same offer that it ultimately accepted from Vondraks. The district court determined that Heerens had not been given the identical terms accepted from Vondraks, yet the court concluded the receiver had substantially complied with the preference requirement of section 654.14.

We must determine what constitutes a preference for purposes of section 654.14. In common usage, a "preference" is "the power or opportunity of choosing" or "priority in the right to demand and receive satisfaction of an obligation." Webster's New Collegiate Dictionary 907 (1975). In legal usage, "prefer" means "to give advantage, priority, or privilege." Black's Law Dictionary 1060 (5th ed. 1979); *see also* 72 C.J.S. *Prefer* 479 (1951) (to "offer").

One court has defined a preference as "that favorable consideration which a bidder, on equal terms with others, is entitled to over his competitors." *Conemaugh Gas*

*Co. v. Jackson Farm Gas Co.,* 40 A. 1000, 1003 (Pa.1898). The court said an individual would be able to ascertain if a preference had been given by asking if the company entitled to a preference was notified by the seller of an offer made to it and chose not to take advantage of those terms before the seller sold the goods to the first bidder. *Id.*

In the case of *In re Alsop's Will,* 24 Misc.2d 50, 207 N.Y.S.2d 578, 579 (Surrogate Ct.1960), a nephew was given a preference in purchasing his uncle's home under the uncle's will. In determining if a preference had been given, the court stated:

If Mr. Galster's [nephew's] offer were such that it was of equal benefit to the estate as the other offer, then I believe the use of the word 'preference' in paragraph 'Nineteenth' would require that the executor sell to Mr. Galster.

*Id.* at 51, 207 N.Y.S.2d at 579. Under the reasoning of that court, a preference means an opportunity to purchase on equal terms.

At the very least, we believe the legislature intended this type of preference when it enacted section 654.14. In relation to this case, a preference would mean that the debtor was given a right of first refusal and declined to lease the mortgaged premises on equal or better terms than the terms given to the lessee to whom the receiver eventually rented.

In the present case, the receiver authorized Neil and Doug Helvig as its agents to solicit lessees for the property. On two occasions during April 1985, Doug Helvig spoke with Harold Heeren about renting the quarter section. On the first occasion Helvig sought to lease the 160–acre tract for $10,600, and, on the second, he offered

---

1. Section 654.14 provides:

In any action to foreclose a real estate mortgage where a receiver is appointed to take charge of the real estate, preference shall be given to the owner in actual possession, subject to approval of the court, in leasing the mortgaged premises. The rents, profits, avails and/or income derived from said real estate shall be applied as follows:

1. To the cost of receivership.
2. To the payment of taxes due or becoming due during said receivership.
3. To pay the insurance on buildings on the premises and/or such other benefits to the real estate as may be ordered by the court.
4. The balance shall be paid and distributed as determined by the court.

to lease the land for $5,500 paid up front. Heeren was uncertain of his ability to raise the $5,500 and asked for time to speak to his banker.

After his conversation with Heeren, Helvig continued his efforts to lease the land. On May 1, Donald and Marcel Vondrak rented the quarter section. The lease required Vondraks to pay $5,500 in two $2,750 installments, one payable at once and the other due on December 1, 1985. It is conceded that at no time did Helvig, acting on behalf of the receiver, offer Heerens the same leasing agreement offered to and accepted by Vondraks.

■ In this case, Heerens were not given the offer or right of first refusal on equal terms contemplated by the legislature in section 654.14. The difference between requiring the entire $5,500 up front and requiring only $2,750 up front is apparent to a troubled farmer who is attempting to redeem or salvage a foreclosed piece of property. It would be easier for the farmer to raise a smaller amount of money to lease the land and put in the crop, relying on the harvest for the second payment, than it would be for the same farmer to raise a sizeable sum of money up front to cash rent the property on which he is attempting to farm.

Under section 654.14 Heerens were entitled to the right of first refusal to lease the quarter section for the 1985 crop year for $5,500, payable in two $2,750 installments. The receiver's failure to make such an offer to Heerens violated section 654.14. The district court erred in approving the Vondrak lease for the 1985 crop year and concluding that the terms offered to Heerens were not substantially different from those accepted by Vondraks.

III. *Extension of statutory redemption period.* Heerens argue that the failure of the receiver to grant them a leasing preference can only be remedied by extending the period in which they can redeem the property from March 1986, which was one year after the March 1985 sheriff's sale of the land to FLB, to March 1987. The one-year period for redemption by Heerens un-

der Iowa Code section 628.3 expired in March 1986 at which time a sheriff's deed was issued to FLB on the quarter section. FLB then moved this court to strike, or dismiss, as moot Heerens' argument in their brief for an extension of the redemption period. We overrule the motion and address the merits of Heerens' contention.

The tendency in Iowa law has been to shorten rather than to extend the period of statutory redemption when the creditor waives any right to a deficiency judgment. *See* Iowa Code § 628.26; Bauer, *Statutory Redemption Reconsidered: The Operation of Iowa's Redemption Statute in Two Counties Between 1881 and 1980,* 70 Iowa L.Rev. 343, 400–12 (1985). Iowa Code section 628.4 also shortens the period of redemption when the mortgagor pursues an appeal of the foreclosure action. *See Farmers Trust & Savings Bank v. Manning,* 359 N.W.2d 461, 464–65 (Iowa 1984).

Heerens claim that it is critical to their redemption right under section 628.3 that they be allowed to rent the land under a section 654.14 leasing preference. They, however, cite no authority for this proposition. We are not willing to say that one right is contingent upon the other. For purposes of section 628.3 the mortgagor is given one year within which to raise the money needed to redeem the property sold at sheriff's sale. That statute does not contemplate that the mortgagor be allowed to lease a particular piece of ground or obtain the redemption money from a particular source.

■ We conclude the rights of the mortgagor under Iowa Code sections 628.3 and 654.14 are separate and independent. Failure to grant a leasing preference under section 654.14 to the mortgagor will not trigger an extension of the statutory redemption period; likewise, a mortgagor's right to redeem will not trigger a leasing preference under section 654.14. The terms of section 654.14 itself control the preference.

Because we conclude the rights are separate and independent, we affirm the district

court's implied refusal to extend the statutory redemption period.

IV. *Remedy for receiver's failure to give leasing preference.* Heerens requested in their brief that they be allowed to lease the quarter section for the 1986 crop year and that we extend the statutory redemption period for one year from March 1986 due to the receiver's failure to give them a preference in leasing the quarter section. The record does not show who leased or worked the property during the 1986 crop year. Regardless, the 1986 crop year has passed and the remedy Heerens seek is now moot. As we have noted above, we are unwilling to extend the Iowa Code section 628.3 statutory redemption period as requested.

This is an action in equity, and equitable principles state that equity will not suffer a wrong to be without a remedy. D. Dobbs, *Handbook on the Law of Remedies* § 2.3, at 44, n. 24 (1973). To this end, we have reviewed alternative remedies.

■ The root of this action is the lease entered into by Vondraks for the 1985 crop year. The district court erred in approving this lease. The record, however, shows that Vondraks worked the land in good faith in 1985 and completed the crop year under the approval of the district court's order of September 12, 1985. Due to the passage of time and the good faith efforts of Vondraks, Heerens commendably stated in oral argument that we should not now set aside the lease between Vondraks and the receiver. Accordingly, that lease will stand.

Alternatively, we observe that the net proceeds of the receivership ordinarily would be payable to Heerens. Under Iowa Code section 628.3, Heerens were entitled to possession of the quarter section during the 1985 crop year unless a receivership was established. *See generally* Note, *Mortgage Receiverships in Iowa,* 27 Iowa L.Rev. 626 (1942); Note, *Mortgagee's Rights in Iowa to Rents and Profits During the Year of Redemption,* 18 Iowa L.Rev. 251 (1933). Even after a receiver was appointed, he ordinarily would not be entitled to collect rents after the judgment was satisfied. *Price v. Howsen,* 197 Iowa 324, 327–28, 197 N.W. 62, 63–64 (1924); *Davis v. Dale,* 150 Ill. 239, 243, 37 N.E. 215, 216 (1894); *see also World Building, Loan & Investment Co. v. Marlin,* 151 Ind. 630, 636–37, 52 N.E. 198, 200 (1898) (If mortgaged premises sell for an amount sufficient to satisfy judgment, receiver should not be appointed. If receiver was previously appointed, he should be discharged and his collections remitted to the mortgagor when the sale satisfies the judgment.). Because there is no deficiency on which to apply the rents and the mortgage did not pledge rents and profits to the mortgagee (FLB), it appears that Heerens may be entitled to the net proceeds of the receivership after payment of the items listed in Iowa Code section 654.14. *See Starits v. Avery,* 204 Iowa 401, 403–04, 213 N.W. 769, 771 (1927) (mortgagor entitled to rents and profits until expiration of redemption period).

Heerens have not asserted any action for damages against the receiver for its failure to grant them the section 654.14 leasing preference. In the absence of such an action, we have nothing to pass on in that regard.

V. *Disposition.* In summary, we conclude that: (1) the district court erred in determining the receiver gave Heerens a leasing preference under Iowa Code section 654.14; therefore, we reverse the district court in that regard but, for the reasons stated above, do not set aside the Vondrak lease; (2) the statutory redemption period of Iowa Code section 628.3 should not be extended; thus, we affirm the district court's implied refusal to extend the period; and (3) the case should be remanded for further appropriate proceedings in the receivership.

The costs of printing plaintiff's brief are taxed to plaintiff because the brief violates Iowa Rule of Appellate Procedure 16(a), requiring briefs to be printed on both sides of the sheet. *See Rhiner v. City of Clive,* 373 N.W.2d 466, 478 (Iowa 1985). Other

costs shall be taxed one-half to appellants and one-half to appellee.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.