**NORWEST BANK DES MOINES, NATIONAL ASSOCIATION, Plaintiff–Appellee,**

v.

**Curtis BRUETT and Julia Bruett, husband and wife, d/b/a Iowa Farm & Livestock Supply, Defendants–Appellants,**

**Reed Motors, Inc., et al., Defendants.**

No. 86–1464.

Court of Appeals of Iowa.

Sept. 28, 1988.

Greg W. Steensland, Ames, for defendants-appellants.

Jon P. Sullivan of Dickinson, Throckmorton, Parker, Mannheimer & Rafe, Des Moines, for plaintiff-appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The real estate which is the subject of this action was mortgaged by defendants Bruetts to Norwest on October 11, 1983, to secure the Bruetts' obligations to Norwest that totaled, at the time of the petition, in excess of $150,000. The mortgage executed by the Bruetts to Norwest contained the following language:

Mortgagors hereby sells, conveys, and mortgages unto Mortgagee, and grants a security interest in . . . all privileges, estates, rights and interests now or hereafter belonging or in any way pertaining to the Land. . . .

At any time after the commencement of an action in foreclosure, or during the period of redemption, the court having jurisdiction of the case shall at the request of Mortgagee appoint a receiver to

take immediate possession of the Mortgaged Property and of the rents and profits accruing therefrom, and to rent or cultivate the same as he may deem best for the interest of all parties concerned, and such receiver shall be liable to account to Mortgagor only for the net profits, after application of rents, issues and profits upon the costs and expenses of the receivership and foreclosure and upon the [mortgage] Indebtedness.

Following the entry of judgment in the foreclosure action and a sheriff's sale which resulted in a substantial deficiency being owed to Norwest on the judgment, Norwest asked for and received the appointment of a receiver pursuant to the above-described language of its mortgage. Defendants have appealed following this appointment.

The controlling issue in this case is whether Iowa Code section 628.3 prohibits the appointment of a receiver following foreclosure sale of a mortgaged premises, where the mortgage contains a pledge of rents and profits and a stipulation for appointment of a receiver upon default, and a deficiency remains following foreclosure sale of the subject premises. The trial court held that it did not. For reasons set forth below, we affirm.

Defendants contend that it is against public policy to allow a waiver of their right to possession to a receiver during the redemption period. They claim the waiver violates the spirit and intent of Iowa Code section 628.3.

There is a presumption that any contractual agreement is binding upon the parties. *Commercial Trust & Sav. Bank of Storm Lake v. Toy Nat'l Bank of Sioux City*, 373 N.W.2d 521, 524 (Iowa 1985). The power to invalidate a contract on public policy grounds is a delicate one, to be exercised solely in cases free from doubt. *Walker v. Am. Family Mut. Ins. Co.*, 340 N.W.2d 599, 601 (Iowa 1983). We do not find this controversy to be such a case.

The defendants rely heavily upon Iowa Code section 628.3, which provides in part: "The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof...." The predecessor statute to Iowa Code section 628.3 was Iowa Code section 11774 (1924). The legislative intent behind section 11774 was discussed in *Starits v. Avery*, 204 Iowa 401, 213 N.W. 769 (1927). Insofar as it is pertinent here, section 628.3 is identical in substance to section 11774. Therefore, we may examine section 11774 to ascertain the meaning and intent of section 628.3. *Hanover Ins. Co. v. Alamo Motel*, 264 N.W.2d 774 (Iowa 1978). In *Starits v. Avery*, the court stated:

The term "possession" means the control or custody of a thing for occupation and enjoyment.

"Possession is the detention or enjoyment of a thing which a man holds or exercises by himself, or by another who keeps or exercises it in his name. Occupancy or possession, by one, implies the exclusion of every individual from the occupancy and possession."

It is apparent, therefore, that, under statutory definition found in section 11774, the right of possession in the mortgagor carries with it the right to use the mortgaged premises for one year from the date thereof. This necessarily implies the right to lease the premises and to control the revenue arising therefrom.

\* \* \* \* \* \*

It was the plain intent of the legislature in enacting section 11774 to declare the public policy of this state that, when a mortgagor had lost his land under foreclosure sale, he shall have the opportunity to regain it by complying with the conditions imposed by the decree of foreclosure. By judicial interpretation, the statute governing the right conferred may now be read as though it was amended to read: "The right of the debtor to redeem shall not be subject to levy under execution." ...

A mortgagor's right of possession during his year of redemption is the statutory privilege reserved to the debtor. It is a

personal privilege incident to the ownership of land. . . .

*Id.* In discussing the policy behind section 11774, the court in *Starits v. Avery* also discussed the validity of an appointment of a receiver where there was no agreement or stipulation. It stated:

> It follows that a mortgage which does not, in terms, give to the mortgagee the right of possession before sale and the termination of the right of redemption, nor pledge the rents and profits, creates no lien upon nor interest in the right of possession given by the statute, nor upon the revenue which arises from it.

*Id.* It is important to note that in this case the mortgage does, in terms, give to the mortgagee the right of possession before sale and does terminate the right of redemption. In addition, it pledges the rents and profits which emanate from the mortgaged property.

In *Fed. Land Bank of Omaha v. Heeren,* our supreme court spoke to the issue of appointment of a receiver. There, the defendants appealed from a district court approval of a receiver's lease of their foreclosed real property. *Fed. Land Bank of Omaha v. Heeren,* 398 N.W.2d 839, 840 (Iowa 1987). Pursuant to the district court's order, the receiver took possession of the quarter-section. *Id.* at 842. By its action, the receiver ousted the mortgagors and cut off their right to possession under Iowa Code section 628.3. *Id.* at 842.

The *Heeren* court did not speak to whether or not it was a violation of public policy to cut off the defendants' statutory right to possession under Iowa Code section 628.3 where the defendants in their mortgage gave up this right. However, the court did state, "There is no record on which a receiver typically would have been appointed; however, *Heerens* consented to the appointment, waiving any challenge they might now level against the appointment." *Id.* at 841.

We interpret this to mean that where there is consent to the appointment of a receiver, any challenge thereafter to the appointment is waived. Consent by the defendants in this case was provided when they entered into the mortgage agreement with Norwest.

Based on the applicable law and the record before us, we find no public policy that was violated by the enforcement of the mortgagor's pledge of rents, profits, and stipulation for appointment of a receiver in the foreclosure proceeding. Defendants' public policy argument does not outweigh the presumption that any contractual agreement is binding upon the parties. *Comm. Trust & Sav. Bank of Storm Lake v. Toy Nat'l Bank of Sioux City,* 373 N.W. 2d 521, 524 (Iowa App.1985).

AFFIRMED.