**COMMUNITY STATE BANK, PATON, Iowa, Appellee,**

v.

**Merrill G. COTTINGTON and Carolyn A. Cottington, Appellants,**

**Dorrell Lindmark, Ilene Lindmark, Gerry Lindmark, Douglas Lindmark, Carroll Wood, and Small Business Administration, Defendants.**

No. 88–983.

Supreme Court of Iowa.

Aug. 16, 1989.

John P. Roehrick of Roehrick, Hulting & Moisan, Des Moines, for appellants.

Neven J. Mulholland and William J. Good of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal involves postjudgment proceedings in a farm foreclosure. The controversy centers on the receiver's claimed right to lease the land during the redemption period pursuant to the provisions of a consent decree, even though the mortgagee waived a deficiency judgment. The trial court interpreted the decree in the receiver's favor and the mortgagors have appealed. We affirm.

In October 1984, appellee Community State Bank filed an action to foreclose mortgages it held on land owned by appellants Merrill and Carolyn Cottington. A receiver was appointed to collect rents and profits. The action apparently languished until May 1987, when the parties negotiated a settlement. Pursuant to that agreement, the bank would forgive a substantial part of the indebtedness in exchange for Cottingtons' payment of $187,000 by September 1. The agreement also provided that Cottingtons would dismiss their pending counterclaims and, if payment was not made as agreed, foreclosure of the mortgages would proceed without further resistance.

When Cottingtons made no payment on September 1, the bank moved for summary judgment in accordance with the settlement agreement. The Cottingtons, with advice of counsel, consented to a decree of foreclosure containing the following material terms: (1) a personal judgment against Cottingtons for roughly $370,000; (2) agreement by the bank to waive any deficiency judgment which might result "after application of the funds received by Plaintiff from the Sheriff's sale and the receivership account;" (3) an agreement by Cottingtons to waive "(a) any right to the receivership funds and (b) any preference in farming the mortgaged property beyond the 1987 crop year;" (4) a provision barring and foreclosing all right, title and interest of the Cottingtons in the land except for their statutory right of redemption; and (5) a continuation of the receivership "until further Order" and a denial of Cottingtons' "rights to any funds in the receivership account when the receivership is terminated except to the extent that the said funds are not needed to satisfy the judgment provided herein."

Special execution issued and the mortgaged property was sold to the bank at sheriff's sale for an amount at least $90,000 less than the judgment. The receiver then applied to the court for authority to lease the land for the 1988 crop year. Cottingtons objected, claiming that Iowa Code section 628.3 (1987) gave them exclusive possession of the real estate during the period of redemption. They further argued that by virtue of the bank's waiver of deficiency, a lease was unnecessary and the receivership should be terminated.

The district court rejected Cottingtons' arguments and approved the proposed lease. It determined that the consent decree expressed Cottingtons' agreement to the continuation of the receivership and the waiver of any preference to farm the mortgaged property beyond 1987. It is from this ruling that Cottingtons have appealed.

Cottingtons' argument on appeal is two-fold: first, that the trial court had no "power or jurisdiction" to deprive Cottingtons of exclusive possession during the redemption period and, second, that the bank's waiver of deficiency renders continuation of the receivership "inappropriate." We shall briefly consider the arguments in turn.

Cottingtons' "no power or jurisdiction" argument rests on Iowa Code section 628.3 which provides, in pertinent part:

The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof;

Prior opinions of this court have affirmed a literal interpretation of this statute. *See Federal Land Bank of Omaha v. Heeren*, 398 N.W.2d 839, 844 (Iowa 1987) (debtor entitled to possession during redemption unless receivership established); *Starits v. Avery*, 204 Iowa 401, 403–04, 213 N.W. 769, 770 (1927) (construing predecessor redemption statute as giving debtor one year "right to enjoy ... possession"); *Sayre v. Vander Voort*, 200 Iowa 990, 993, 205 N.W. 760, 761 (1925) (same).

That is not to say, however, that section 628.3 prohibits a debtor from voluntarily relinquishing rights of redemption or possession, individually or in tandem. Nor is a court without authority to approve such action. Thus we have held:

Certainly there is nothing anywhere in our law which forbids the disposition of such rights by gift, sale, or assignment, and, as we think, the one may be thus disposed of without any effect being had upon the other. Most certainly, one having a right of redemption may dispose of the same, and reserve possession to himself during the continuance of such right; or he may dispose of the right of redemption to one party, and give over right of possession to another.

*Hartman Mfg. Co. v. Luse*, 121 Iowa 492, 495, 96 N.W. 972, 973 (1903); *see also Sayre*, 200 Iowa at 995, 205 N.W. at 762.

In a similar vein, we recently held in *Federal Land Bank of Omaha v. Heeren* that a debtor's consent to the appointment of a receiver operated as a waiver of a later challenge to the receiver's appointment. 398 N.W.2d at 841; *see also Norwest Bank Des Moines v. Bruett*, 432 N.W.2d 711, 713 (Iowa App.1988); *Wellman Sav. Bank v. Roth*, 432 N.W.2d 697, 699 (Iowa App. 1988).

Here, the trial court was called upon to interpret these maxims in light of the decree of foreclosure. That stipulated decree, approved by the court with the consent of both parties, was in substance a contract of record. *Federal Land Bank of Omaha v. Bollin*, 408 N.W.2d 56, 60 (Iowa 1987); *World Teacher Seminar v. Iowa Dist. Court*, 406 N.W.2d 173, 176 (Iowa 1987). In reviewing it, the trial court properly applied contract rules of construction. *See Bollin*, 408 N.W.2d at 60. Its objective was to discern the " 'intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly *implied* as well as to that which is expressed.' " *Local Bd. of Health, Boone County v. Wood*, 243 N.W.2d 862, 865 (Iowa 1976) (quoting *Rinehart v. State*, 234 N.W.2d 649, 656 (Iowa 1975)).

The decree before us reserved, on the one hand, Cottingtons' statutory right of redemption; on the other, it specifically waived any other rights Cottingtons might exercise in the property, including their statutory preference to farm the land beyond the 1987 crop year. *See* Iowa Code § 654.14. We find it neither unreasonable nor arbitrary for the court to have implied from these provisions a relinquishment by the Cottingtons of any further possessory interest in the property. *See Wood*, 243 N.W.2d at 865 (court's interpretation of decree will be upheld if not "unreasonable or arbitrary"). In short, Cottingtons may not now challenge terms in the decree to which they consented. The trial court was correct in so holding.

The same "a deal is a deal" principle applies to continuation of the receivership. Ordinarily, a receiver would be appointed only in the event of deficiency or the potential waste or danger to the property. *Heeren*, 398 N.W.2d at 841. Likewise, a receiver who has been appointed under

such circumstances would be discharged upon satisfaction of the judgment. *Id.* at 844. Here, although the judgment was not satisfied at sheriff's sale, the bank waived any deficiency. Thus Cottingtons argue that no purpose exists for the receivership to continue.

■ Once again, the Cottingtons overlook the impact of the foreclosure decree in the application of these principles. The parties tailored the deficiency to suit their agreement. Under the decree, the deficiency was specifically defined as that amount remaining after the bank had received the proceeds of the sheriff's sale *and* the receivership account. The decree further provided for continuation of the receivership until further order of court and, upon termination of the receivership, that Cottingtons would have no right to the funds "except to the extent [they are] not needed to satisfy the judgments provided herein." Given this language, we find nothing unreasonable about the action taken by the trial court to continue the receivership until its purpose, as defined by the decree, was fulfilled. The lease was properly approved.

AFFIRMED.