**DECORAH STATE BANK, an Iowa Banking Corporation, Appellee,**

v.

**Wayne R. WANGSNESS and Cheryl A. Wangsness, Appellants,**

**and**

**Edward Gehling and Florence M. Gehling, Appellees.**

**No. 89–238.**

Supreme Court of Iowa.

March 21, 1990.

Peter C. Riley and Sara Riley Brown of Tom Riley Law Firm, P.C., Cedar Rapids, for appellants Wayne and Cheryl Wangsness.

Richard D. Zahasky, Decorah, for appellee Decorah State Bank.

W. Richard White of Morrow and White, Waukon, for appellees Edward and Florence M. Gehling.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

NEUMAN, Justice.

This declaratory judgment action concerns the consequences flowing from a bank's disregard for a former mortgagor's

statutory right to repurchase agricultural land under Iowa Code section 524.910(2) (1989). The trial court determined that a conveyance made in violation of the statute gives rise to an action for damages but not specific performance. On appeal, appellants argue they are entitled to the equitable relief they claim. We agree and reverse the district court.

Because the case was tried in equity, our review is de novo. *Citizens Sav. Bank v. Sac City State Bank*, 315 N.W.2d 20, 24 (Iowa 1982). We give weight to the factual findings of the trial court, but we are not bound by them. *Id.;* Iowa R.App.P. 14(f)(7).

The facts are largely undisputed. Appellants Wayne and Cheryl Wangsness defaulted on their financial obligation to appellee Decorah State Bank. In lieu of foreclosure, they gave the bank a deed to the agricultural land securing their indebtedness. The Wangsnesses made plain, however, their desire to repurchase the property. Nevertheless, the bank sold the land, without notice, to appellees Edward and Florence Gehling.

A month after the sale, the Gehlings' lawyer wrote to the bank concerning its apparent failure to obtain a waiver from Wangsnesses concerning their opportunity to repurchase the property guaranteed by Iowa Code section 524.910(2).[1] When contacted by the bank, Wangsnesses refused to waive their rights under the statute.

Although the sale to Gehlings had already been completed, the bank attempted to comply with the statute by belatedly notifying the Wangsnesses of the "proposed" sale and giving them twenty days in which to meet its terms. Wangsnesses obtained the necessary financing to purchase the property within the allotted time and so advised the bank. At that point, however, the Gehlings refused to surrender the property, maintaining their right to possession under the warranty deed previously given to them by the bank.

The bank then commenced this action to determine the rights and obligations of the parties. The Wangsnesses answered with a demand that the conveyance to Gehlings be set aside. They also counterclaimed for damages resulting from loss of use of the property. The Gehlings sought dismissal of the action, or in the alternative, entitlement to compensation from the bank for any loss sustained by them based on breach of the covenants running with the warranty deed.

The trial court determined that the conveyance from the bank to the Gehlings was valid but subject to Wangsnesses' rights under section 524.910(2). Because the bank clearly violated Wangsnesses' rights under the statute, the court honored Wangsnesses' demand for a jury trial on the issue of damages. As for Wangsnesses' claim of specific performance, however, the court determined that such relief would be "inequitable under the circumstances." It therefore refused to set aside the conveyance to the Gehlings. This appeal by the Wangsnesses followed.

Appellants contend that the bank's failure to comply with section 524.910(2) voids the conveyance to the Gehlings. In support of this argument, appellants rely heavily on *Madrid Lumber Co. v. Boone County*, 255 Iowa 380, 121 N.W.2d 523 (1963). The case, however, is not on point. *Madrid* was a suit brought by taxpayers to challenge the authority of local governments to contract for public improvements in violation of statutory requirements governing the bidding process. We held in *Madrid* that contracts made in violation of a statute were "not merely voidable but void" because counties and municipal corporations are creatures of the legislature and possess only such powers to contract as the legislature grants them. *Id.* at 384, 121 N.W.2d at 525.

---

1. The statute provides, in pertinent part:
   Before the state bank sells or otherwise disposes of agricultural land held pursuant to [a deed given in lieu of foreclosure], the state bank shall first offer the prior owner the opportunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land. Iowa Code § 524.910(2).

■ The void/voidable distinction articulated in *Madrid* is not applicable to the case before us because the question is not one of power but of consequences. The bank was not without power to contract with the Gehlings. Section 524.910(2), however, granted the former owners a preemption with respect to the bank's disposition of the land. *Black v. First Interstate Bank*, 439 N.W.2d 647, 650 (Iowa 1989). Upon the bank's election to sell, that preemption ripened into an option. *Id.* Because the bank disregarded this option, it is liable for the consequences of its action. In other words, the bank's contract with the Gehlings is not void as a matter of law but principles of equity may justify setting aside such a contract if the circumstances warrant such relief.

■ We think such relief is called for here. We recently observed that the purpose of the preemption provision is to favor the prior owner of agricultural land "over some other prospective purchaser." *Knepper v. Monticello State Bank*, 450 N.W.2d 833, 837 (Iowa 1990). Such preferential treatment serves the legislative goal of reducing foreclosure losses "by making it possible for affected farmers to regain their farms." *Id.* Were such an option granted pursuant to contract, specific performance would be the presumptive remedy for its breach. *Moser v. Thorp Sales Corp.*, 256 N.W.2d 900, 907 (Iowa 1977).

We find nothing in this record to dispute the unique value of this property to the Wangsnesses. They are its former owners. The land is situated adjacent to the Wangsnesses' home farm. On numerous occasions, appellants expressed to bank officers and realtors their strong interest in repurchasing the property. Why they were not given the opportunity to do so remains a mystery.

The trial court's reluctance to order specific performance appears premised on our decision not to order such relief in *Federal Land Bank of Omaha v. Heeren*, 398 N.W.2d 839 (Iowa 1987). The circumstances before us are quite distinguishable from *Heeren*, however. *Heeren* involved the violation of a mortgagor's statutory right of first refusal to lease land subject to receivership. Because the receiver failed to grant the Heerens the leasing preference to which they were statutorily entitled, we awarded them the net proceeds of the receivership. *Id.* at 844. However, since the lease in question had expired during the course of the lengthy litigation, we impliedly held that equity would not be served by setting it aside. *Id.*

■ The considerations of mootness driving our decision in *Heeren* are notably absent in the present case. The Wangsnesses stand ready, willing, and able to purchase the land in question. We are persuaded that equity compels their right to do so. Specific performance, not money damages, is the proper remedy.

In summary, we hold that a real estate conveyance made in violation of Iowa Code section 524.910(2) is not void as a matter of law but may be set aside on equitable grounds. We are persuaded that ample justification for such relief exists in this case. We therefore reverse the judgment of the district court and remand the case for entry of judgment on Wangsnesses' claim of specific performance and for such further proceedings on Gehlings' and Wangsnesses' counterclaims as are not inconsistent with this opinion.

REVERSED AND REMANDED.